Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/17/2020 08:08 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Kenneth A. Nnaka, respondent.

___ N.W.2d ___

Filed April 23, 2020.    No. S-20-073.

Original action. Judgment of public reprimand.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

The State Bar of Texas entered an "Agreed Judgment of Public Reprimand" of the respondent, Kenneth A. Nnaka, on October 16, 2019. The Counsel for Discipline of the Nebraska Supreme Court, the relator, filed a motion for reciprocal discipline against the respondent. We grant the motion for reciprocal discipline and impose a public reprimand.

## FACTS

The respondent was admitted to the practice of law in the State of Nebraska on May 8, 2014. He has also been admitted to the practice of law in Texas.

On October 16, 2019, the State Bar of Texas and the respondent signed an "Agreed Judgment of Public Reprimand." The respondent admitted to a violation of "Rule 1.04(a)" of the Texas disciplinary rules, stating that a lawyer shall not enter into an arrangement for, charge, or collect an illegal fee or unconscionable fee.

On January 31, 2020, the relator filed a motion for reciprocal discipline pursuant to Neb. Ct. R. § 3-321 of the disciplinary rules. On February 10, this court filed an order to show cause as to why it should not impose reciprocal discipline. On February 21, the relator filed a response requesting that this court impose a public reprimand. On February 28, the respondent filed a response in which he requested that this court grant him a private reprimand or, alternatively, take no disciplinary action, because he self-reported this matter to the relator.

ANALYSIS

The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. *State ex rel. Counsel for Dis. v. Murphy*, 283 Neb. 982, 814 N.W.2d 107 (2012). In a reciprocal discipline proceeding, a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction. *Id*. Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

Section 3-321 of the disciplinary rules provides in part:

(A) Upon being disciplined in another jurisdiction, a member shall promptly inform the Counsel for Discipline

of the discipline imposed. Upon receipt by the Court of appropriate notice that a member has been disciplined in another jurisdiction, the Court may enter an order imposing the identical discipline, or greater or lesser discipline as the Court deems appropriate, or, in its discretion, suspend the member pending the imposition of final discipline in such other jurisdiction.

In imposing attorney discipline, we evaluate each case in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Murphy, supra*.

Upon due consideration of the record, and the facts as determined by the State Bar of Texas, we determine that public reprimand is appropriate.

## CONCLUSION

The respondent is publicly reprimanded. The respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.